IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>UD DISSOLUTION CORPORATION (formerly known as V3 Systems, Inc.)<br><br>Debtor. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR WITHDRAWAL OF BANKRUPTCY REFERENCE |
| UD DISSOLUTION LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>SPHERE 3D CORPORATION, incorporated under the laws of the Province of Ontario, Canada, et al.,<br><br>Defendants. | Case No. 2:15-cv-903-TC<br>(Bankruptcy Case No. 14-32546) |

This matter arises out of an adversary proceeding filed in connection with the bankruptcy of UD Dissolution Corporation (the Debtor). The adversary proceeding concerns a dispute under an Asset Purchase Agreement between the Debtor, on the one hand, and Sphere 3D Corporation and V3 Systems Holdings, Inc. on the other hand.

The defendants to the adversary proceeding have filed a motion asking this court to

withdraw its reference to the Bankruptcy Court and resolve the merits of the adversary proceeding here. For the reasons set forth below, the Motion For Withdrawal of Reference is denied without prejudice.

## BACKGROUND

In February 2014, UD Dissolution Corporation entered into an Asset Purchase Agreement (APA) with Sphere 3D Corporation and V3 Systems Holdings, Inc. (collectively, the Corporate Defendants). But in November 2014, UD Dissolution filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. In April 2015, the Corporate Defendants filed a Proof of Claim asserting a claim in an undetermined amount based on what they alleged to be Debtor UD Dissolution's material breaches of the APA. In the Proof of Claim, the Corporate Defendants allege that the Debtor breached the APA and made false representations and warranties in the APA.

After the Bankruptcy Court confirmed the Debtor's Plan of Liquidation in July 2015, Plaintiff UD Dissolution Liquidating Trust (the UD Trust) was formed and became the successor in interest to the Debtor. A few months later, the UD Trust, in response to the Proof of Claim, filed an adversary proceeding against not only the Corporate Defendants but also against a group of individuals, including Peter Tassiopoulos, Jason D. Meretsky, Eric L. Kelly, Peter Ashkin, Daniel J. Bordessa, and Vivekanand Mahadevan (collectively, the Individual Defendants). The Individual Defendants (who were not parties to the APA) did not file any proof of claim against the Debtor.

Later, the Corporate Defendants amended their Proof of Claim and valued the previously undetermined amount at $13 million (the Amended Proof of Claim). In their amendment, they

also asserted a secured claim "to the extent that the Corporate Defendants have rights of setoff, offset and/or recoupment as to the claims asserted by the UD Trust in the Adversary Proceeding." (Defs.' Mem. Supp. Mot. for Withdrawal of Reference at 6, Docket No. 3; see also id. at 2-3 ("'[T]o the extent Debtor asserts claims against [the Corporate Defendants in the adversary proceeding, this Amended Proof of Claim] serve[s] to offset such claims by Debtor.'") (quoting Am. Proof of Claim).)

In the adversary proceeding, UD Trust filed objections to the Amended Proof of Claim and sought other relief against all of the Defendants. Altogether, UD Trust asserts twenty-four claims (also called counterclaims in the bankruptcy context).

The first six are objections to the Amended Proof of Claim. As the Corporate Defendants and the Individual Defendants (collectively, Defendants) note, "these First through Sixth Claims for Relief appear to be directed only at the Corporate Defendants, which are the only parties to the Proof of Claim[.]" (Id. at 4.) The remainder of the claims are asserted against both the Corporate and the Individual Defendants. Claims Seven through Eight include two "Turnover Claims" requesting return of property that was subject to the APA.[1] Claim Nine is an "Avoidance Action" alleging that the Defendants received property through a fraudulent transfer as a result of the APA.[2] In the rest of the complaint, UD Trust asserts claims based in contract

---

[1] The Individual Defendants contend that the Turnover Claims, which are normally equitable claims that may be heard by a bankruptcy court, are actually breach of contract actions. (See Mem. Supp. Mot. Withdrawal of Reference at 13.)

[2] The Defendants suggest that the ninth claim is actually a form of objection to the Amended Proof of Claim and falls into the same category as claims One through Six.

law,[3] tort law,[4] equitable restitution law (unjust enrichment), and federal securities law.

The Defendants contend that all but the first through sixth and the ninth claims are "non-core claims." In other words, they assert that this court, not the Bankruptcy Court, must decide the non-core claims because they are entitled to a jury trial on those claims. The parties dispute which claims are core and which are non-core.

Some pre-trial issues have been raised with the Bankruptcy Court. The Defendants filed a motion to dismiss the claims asserted in the adversary proceeding. And UD Trust filed a motion to strike the Corporate Defendants' jury trial demand. In addition, the Bankruptcy Court proposed a trial date to hear the merits of the adversary proceeding, which would include a valuation of the Amended Proof of Claim and resolution of core claims. When the Bankruptcy Court granted the Defendants permission to seek a withdrawal of the bankruptcy reference, all of the matters in the adversary proceeding were stayed pending resolution of that issue.

## ANALYSIS

The Defendants request that the court withdraw the reference based on the Individual Defendants' right to a jury trial on all claims, the Corporate Defendants' right to a jury trial on non-core claims, and other equitable reasons.

**Automatic Reference to the Bankruptcy Court**

Under Section 157 of Title 28 of the United States Code, bankruptcy judges may preside over " all cases under title 11 and all core proceedings arising under title 11, or arising in a case

---

[3]Specifically, UD Trust asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

[4]The tort claims are interference with business relations and breach of fiduciary duty.

under title 11" if the cases have been referred to the bankruptcy court by the district court. 28 U.S.C.A. § 157(b)(1) (West 2016). The district court's referral authority arises out of Section 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). Based on that rule, this district automatically refers such cases "to the bankruptcy judges for the District of Utah for consideration and resolution consistent with the law." Local Rule DUCivR 83-7.1. Under that reference, the bankruptcy court "may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C.A. § 157(b)(1). Core proceedings include " allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan . . .; counterclaims by the estate against persons filing claims against the estate; . . . [and] proceedings to determine, avoid, or recover fraudulent conveyances[.]" 28 U.S.C.A. § 157(b)(2) (West 2016).

The reference may be withdrawn by the district court if the party asking for withdrawal shows good cause for doing so. "The district court <u>may withdraw, in whole or in part</u>, any case or proceeding referred under this section, on its own motion or on timely motion of any party, <u>for cause shown</u>." 28 U.S.C.A. § 157(d) (West 2016) (emphasis added). Permissive withdrawal of the reference is not favored. <u>Grochocinski v. LaSalle Bank N.A. (In re K&R Express Sys., Inc.)</u>, 382 B.R. 443, 446 (N.D. Ill. 2007) ("permissive withdrawal is the exception").

**The Defendants' Motion for Withdrawal of the Reference**

Here, the Defendants ask the court to exercise its discretion under Section 157(d) to withdraw the entire adversary proceeding. The Defendants articulate two bases for withdrawal.

First, the Individual Defendants assert a Seventh Amendment right to a jury trial on UD Trust's claims against them (that is, claims that are either non-core or are "<u>Stern</u> Claims" (see below)).  Second, all of the Defendants raise concerns about conservation of judicial resources, the risk of inconsistent rulings, and increased costs for the parties.

<u>Claims Against the Individual Defendants</u>

Although the Individual Defendants may waive their right to a jury trial by consenting to have the Bankruptcy Court hear UD Trust's claims against them, they do not consent.  <u>See</u> 28 U.S.C.A. § 157(e) (allowing bankruptcy court to conduct a jury trial "with the express consent of all the parties");  <u>see also</u> <u>Loveridge v. Hall (In re Renewable Energy Dev. Corp.)</u>, 792 F.3d 1274, 1279 (10th Cir. 2015) ("The parties may waive their right to an Article III forum and choose to have their claims resolved in bankruptcy court.  But a district court may not . . . send parties entitled to an Article III court to an Article I forum [a bankruptcy court] for final decision without their consent." ) (citing <u>Wellness Int'l Network, Ltd. v. Sharif</u>, ___ U.S. ___, 135 S. Ct. 1932, 1939 (2015)).

UD Trust does not dispute that the Individual Defendants are entitled to a jury trial. "Because the bankruptcy court does not have authority to conduct a jury trial [without a party's consent], 'cause' to withdraw the reference <u>automatically exists</u> in cases where the party seeking withdrawal is entitled to a jury trial under the Seventh Amendment." <u>Rushton v. Philadelphia Forest Prods., Inc. (In re Americana Expressways, Inc.)</u>, 161 B.R. 707, 709 (D. Utah 1993) (emphasis added) (citing <u>Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)</u>, 911 F.2d 380, 392 (10th Cir. 1990)).  But UD Trust opposes withdrawal at this time because, for reasons set forth below, withdraw of the reference at this stage would be premature.

<u>Claims Against the Corporate Defendants</u>

The Corporate Defendants assert a right to jury trial for causes of action seven and eight, and ten through twenty-four, all of which they characterize as non-core claims. UD Trust disputes their asserted right to a jury trial for all of the claims against them in the adversary proceeding.

<u>Cause to Withdraw</u>

The Individual Defendants contend that cause exists because the "Bankruptcy Court has no jurisdiction over the Individual Defendants at all, even on pre-trial matters, and it cannot enter final judgment on the majority of the UD Trust's claims against the Corporate Defendants" because any such ruling will necessarily infringe on their right to have the facts decided by a jury. (Defs.' Reply at 2, Docket No. 9.)

To determine whether the Defendants have shown cause to withdraw,[5] the court considers factors including whether the claim is core or non-core; judicial economy; the extent of the bankruptcy court's familiarity with the matter; the bankruptcy court's expertise on the matter; uniformity and efficiency of bankruptcy administration; prevention of forum shopping; conservation of debtor and creditor resources; and whether the parties have requested a jury trial. <u>LaSalle Bank N.A.</u>, 382 B.R. at 446; <u>Miller v. Enviro Care, Inc. (In re Rock Structures Excavating, Inc.)</u>, Case No. 2:12-CV-856-TS, 2013 WL 1284969, at *2 (D. Utah, Mar. 27, 2013). Having considered those factors, the court finds that, at this stage, the motion to withdraw

---

[5]The party requesting withdrawal bears the burden to establish cause for withdrawal of the reference. <u>Styler v. Jean Bob Inc. (In re Concept Clubs, Inc.)</u>, 154 B.R. 581, 583 (D. Utah 1993).

is premature.

First, the Bankruptcy Court has authority to decide any claim filed in the adversary proceeding that is necessarily resolved during the claim allowance process. Such a decision does not infringe a party's right to jury trial, even if that party has not filed a claim against the estate:

> "[A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity."

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989) (quoting Katchen v. Landy, 382 U.S. 323, 336 (1966)) (internal citation omitted). Moreover, the Bankruptcy Court is in a better position to determine which claims are inherently part of the claim allowance process (i.e., core claims). Here, once the Bankruptcy Court finishes the claims allowance process, the outcome may prompt UD Trust to dismiss the Individual Defendants, or at least narrow the issues. (See UD Trust's Opp'n Mem. at 8-9, Docket No. 7 ("[T]here is a strong possibility that this Court will never see this case if the Bankruptcy Court is allowed to determine who breached the APA, which it has the power to do.").) Certainly there is no guarantee that this scenario will occur, but given that possibility, the court finds that keeping the matter with the Bankruptcy Court is more efficient at this time.

Second, the Bankruptcy Court has authority to handle pre-trial matters in actions against parties who have not filed claims against the estate. Loveridge, 791 F.3d at 1283. "Although Defendants have properly requested a jury trial on their Counterclaims, the Court 'may decline to withdraw the reference until the case is ready for trial.'" Rhino Energy LLC v. C.O.P. Coal Dev. Co., Case No. 2:12-CV-418-TS, 2012 WL 4882295, at *5 (D. Utah Oct. 15, 2012) (quoting

Hardesty v. Severson (In re Hardesty), 190 B.R. 653, 656 (D. Kan. 1995)).

And this is so even if, as the Individual Defendants contend, the claims against them are "Stern Claims" under Stern v. Marshall, 562 U.S. 462 (2011). A Stern claim is "a claim the bankruptcy court is statutorily but not constitutionally authorized to decide and for which it has not received the parties' consent to proceed." Loveridge, 792 F.3d at 1282 (10th Cir. 2015). Nevertheless, "it's still possible under 28 U.S.C. § 157(c)(1) and consistent for a bankruptcy court to 'hear the proceedings and submit proposed findings of facts and conclusions of law to the district court for de novo review and entry of judgment.'" Id. at 1282-83 (quoting Executive Benefits Ins. Agency v. Arkison, ___ U.S. ___, 134 S. Ct. 2165, 2173 (2014)).

Third, a motion to dismiss is pending before the Bankruptcy Court. Resolution of some of the issues raised will require expertise in bankruptcy law. Also, if the Bankruptcy Court recommends dismissal of the claims against the Individual Defendants,[6] UD Trust says it may be inclined to dismiss its claims against them. If that happens, the jury trial issue for the Individual Defendants will go away and there will be no need to withdraw the reference on those claims.

Similarly, the UD Trust has filed a motion to strike the Corporate Defendants' demand for a jury trial. The Bankruptcy Court has expertise in deciding whether the Corporate Defendants, by filing their Amended Proof of Claim, have waived their right to a jury trial. Resolution of that motion will, at a minimum, narrow the scope of the matter that must be

---

[6] The same applies to claims for which the Corporate Defendants have a right to jury trial. As an aside, the court notes that at least one jurisdiction has allowed a bankruptcy court to rule on dispositive pre-trial motions because such motions "'merely involve legal issues as to whether any trial is necessary.'" Jobin v. Kloepfer (In re M&L Business Machine Co., Inc.), 159 B.R. 932, 934-35 (D. Colo. 1993) (quoting City Fire Equip. Co. v. Ansul Fire Prot. Wormald U.S., Inc., 125 B.R. 645, 649 (N.D. Ala. 1989)).

withdrawn to this court.

Fourth, all of the above scenarios require a decision about which claims are core and which claims are not core (or are <u>Stern</u> Claims). The Bankruptcy Court, given its expertise, is much better equipped to make those determinations.

In conclusion, the procedural posture of this case warrants denial of the motion to withdraw the reference at this time.

**ORDER**

For the foregoing reasons, the Defendants' Motion for Withdrawal of Reference (Docket No. 2) is DENIED WITHOUT PREJUDICE. When, and if, the claims requiring decision by a jury are trial-ready, the parties are free to file another motion to withdraw the reference. In the meantime, the matter stays with the Bankruptcy Court for pre-trial matters, including motions, and resolution of the Corporate Defendants' claim against the estate.

SO ORDERED this 18th day of May, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge